# A Pocono Country Place Property Owners Assoc. Inc. v. Sterlin

C.P. of Monroe County, no. 12345 CV 2009.

*Gregory D. Malaska,* for plaintiff.
*Joseph S. Wiesmeth,* for defendants.

ZULICK, *J.,* January 24, 2011—This matter comes before the court on plaintiff's motion for summary judgment. Plaintiff, A Pocono Country Place Property Owners Association, Inc., (the "Association") commenced these actions seeking to recover from defendants for failure to pay property assessments required from members of the Association. The actions were instituted separately and have not been consolidated. Because the issues in the two cases are identical, I analyze them as parts of one opinion here.

The association asserts that defendants are required to pay assessments authorized by the Uniform Planned Community Act (the "UPCA"), 68 Pa.C.S. § 5101, et seq., and the bylaws of the association, of which defendants are members. The Association claims defendants have failed to pay the assessments. Defendants admit that the assessments remain unpaid, but attribute this to the fault of the association. The Association contends that there exist no genuine issues of material fact and that it is entitled to judgment as a matter of law.

The association filed complaints against defendants on January 21, 2010. On February 19, 2010, defendants

filed separate sets of preliminary objections to the association's complaint. The association filed answers as well as preliminary objections to defendants' preliminary objections on March 16, 2010. The parties stipulated to withdrawal of all preliminary objections on March 25, 2010; the court ordered them stricken on March 29, 2010; and defendants separately filed answers and new matter on April 8, 2010. The Association filed separate replies to defendants' new matter on April 16, 2010. On October 15, 2010, the Association filed motions for summary judgment to which defendants filed answers and new matter on November 12, 2010. The parties submitted briefs and argument was held on December 8, 2010.

## DISCUSSION

The Pennsylvania Rules of Civil Procedure permit a party to move for summary judgment after the close of pleadings. Pa.R.C.P. 1035.2. Summary judgment is appropriate only in those cases in which: (1) the record shows that there is no genuine issue of material fact, and (2) the moving party is entitled to judgment as a matter of law. *Erie Ins. Co. v. Abbott Furnace Co.,* 972 A.2d 1232, 1237 (Pa. Super. 2009). Summary judgment is therefore proper only when the uncontroverted allegations in the pleadings, depositions, answers to interrogatories, admissions of record, and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Lance v. Wyeth,* 4 A.3d 160, 163 (Pa. Super. 2010).

The moving party has the burden of proving that no genuine issues of material fact exist. A fact is material if it directly affects the disposition of a case. *Windber Area Authority v. Rullo,* 387 A.2d 967, 970 (Pa. Cmwlth. 1978)

(citation omitted). The trial court must examine the record in a light most favorable to the nonmoving party and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Moyer v. Teledyne Cont'l Motors, Inc.*, 979 A.2d 336, 342-43 (Pa. Super. 2009) (citation omitted). The burden is therefore placed upon the moving party to prove that there is no issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 204, 412 A.2d 466, 468-69. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter summary judgment. *Lance*, 4 A.3d at 163.

## I. *Issues of Material Fact*

Several issues of material fact make summary judgment unavailable in this case. First, defendants argue that $75.00, and not the $150.00 claimed by the Association, is the correct late fee to be assessed to each property that is delinquent in assessment payments. Defendants base their argument on the $75 figure provided by a 1994 Resolution under Article 10, Section 1 of the bylaws. Rosegas brief, page 3; Rosegas reply to new matter, exhibit "B." In its reply brief, the Association argues that the $150 figure was authorized by a 2007 resolution of the board. However, that resolution is not part of the record. See association reply brief, page 4 (mentioned but not attached). Thus, an issue of material fact exists as to what late fee may be assessed for delinquent dues.

Secondly, Rosegas and Sterlin have alleged that their dues were current on their improved properties. Defendant's answer to plaintiff's motion for summary judgment, paragraph 77. Despite being current, they allege that the Association prevented them from

registering their tenants, and assessed a fine against them "for failing to register tenants." *Id.* paragraph 78. This alleged "Catch -22" situation will have to be addressed at trial to determine whether the fine in question was properly imposed.

Thirdly, there is an issue of material fact as to which lots were originally delinquent and which lots were assessed late fees only due to overdue amounts on other lots. See 68 Pa.C.S.A. § 5105(b).

Finally, in addition to the underlying charges, defendants challenge the legitimacy of the attorney's fees claimed by the association. See Rosegas brief, page 4. Rosegas and the Sterlins claim that the $3,714.82 and $1,063.18, respectively, claimed as attorney's fees by the Association, are unreasonable. Accordingly, several issues of material fact exist that render summary judgment unavailable here. The motion will be denied.

## ORDER

And now, January 24, 2011, upon consideration of the parties' briefs and arguments, plaintiff's motion for summary judgment is denied.